IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES VALENTINIS-DEE,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.  1:24-CV-51-MJT-CLS |
| | § | |
| REAL ESTATE VALUE,<br>*Defendant*. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION ON DISMISSAL OF PLAINTIFF'S
CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

### I. Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The authority [under Rule 41(b)] flows from the court's inherent power to control its own docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

### II. Discussion

On February 12, 2024, Plaintiff, proceeding *pro se*, filed a hand-written complaint against Defendant alleging violations of "custodial responsibilities" resulting in damages in excess of

$300,000. (Doc. #1.) The case was assigned to the undersigned for pretrial management and the Clerk's Office mailed the Notice of Case Assignment and Consent to Proceed Before U.S. Magistrate to Plaintiff. On February 13, 2024, the undersigned ordered Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. #2.) The Clerk Office's mailed that order to Plaintiff as well. Both the order and notice form, however, were returned as undeliverable because Plaintiff was no longer at his listed address. (Docs. #3, #4.)

To date, Plaintiff has not advised the court of a proper address at which Plaintiff can be contacted. Plaintiff's failure to provide the court with a current address warrants dismissal of his case under Rule 41(b). *See Nash v. Boquet*, No. CV 20-717, 2020 WL 7232493 (E.D. La. Nov. 23, 2020) *R&R adopted*, No. CV 20-717, 2020 WL 7229701 (E.D. La. Dec. 8, 2020) (dismissing Plaintiff's claims without prejudice due to his failure to provide notice of an address change); *Love v. F.B.I.*, No. 3-02-CV-1172-M, 2002 WL 2030828, at *1 (N.D. Tex. Sept. 3, 2002) ("The court is not required to delay disposition in this case until such time as Plaintiff decides to comply with the requirement of providing his current address.").

The undersigned, therefore, recommends this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b). A copy of this Report and Recommendation will be mailed to Plaintiff's last known address as reflected on the court's docket.

### III.  Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 11th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE